UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| MATTHEW PERSON, | } | Case No. 1:17-cv-24363 |
| PLAINTIFF | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| AFNI, INC, and | } | |
| COMCAST CORPORATION, | } | |
| DEFENDANTS | } | **JURY TRIAL REQUESTED** |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1.  Plaintiff MATTHEW PERSON, through his attorney, brings this action to challenge the actions of Defendants AFNI, INC and COMCAST CORPORATION, for unlawful conduct in connection with debt collection activity.

2.  The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3.  After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this

end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA").  The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiff.  "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

4. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

5. This action partially arises out of Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Because Defendants conduct business in the State of Florida by repeatedly contacting Florida residents while attempting to collect upon consumer debts, or by repeatedly contacting Florida residents while attempting to engage in other forms of business, personal jurisdiction is established.

7. Because all tortious conduct occurred while Plaintiff resided in either the City of Miami, County of Miami-Dade, and witnesses are located within such locations, venue properly lies with this court.

## PARTIES AND DEFINITIONS

8. Plaintiff is a natural person.

9. Defendant AFNI, INC is a "debt collector" as such term is described by the FDCPA, 15 U.S.C. § 1692a(6) and the FCCPA, Fla. Stat. § 559.55(7) because Defendant used instrumentalities of interstate commerce within this state, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant AFNI, INC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA, 15 U.S.C. § 1692a(5) and the FCCPA, Fla. Stat. § 559.55(6) because he was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

11. Plaintiff is a "debtor" and a "consumer" as those terms are described by the FDCPA, 15 U.S.C. § 1692a(3) and the FCCPA, Fla. Stat. § 559.55(8) because he was allegedly obligated to pay a debt.

## FACTUAL ALLEGATIONS

12. Prior to March, 2017, Plaintiff received home cable and home internet services from Defendant COMCAST CORPORATION.  In approximately March, 2017, Plaintiff placed a phone call to Defendant COMCAST CORPORATION in an attempt to cancel his account with them.  During that phone call, Plaintiff and Defendant COMCAST CORPORATION discussed whether an "early termination fee" would apply to Plaintiff.  Both parties agreed that, because of the terms of the contract between the parties and the circumstances surrounding the cancellation, Defendant COMCAST CORPORATION would not apply an "early termination fee."

13. On April 11, 2017, Defendant COMCAST CORPORATION mailed to Plaintiff a billing statement containing a demand for payment of an "early termination fee."

14. On April 28, 2017, Plaintiff faxed to Defendant COMCAST CORPORATION written notice that he disputed the amount allegedly owed due to the inclusion of an "early termination fee" and requested an updated billing statement with such fee removed.

15. On or before May 25, 2017, Defendant COMCAST CORPORATION contracted with a debt collector – Defendant AFNI, INC -- to collect upon the alleged "early termination fee" debt owed.

16. On May 25, 2017, Defendant AFNI, INC mailed to Plaintiff a dunning notice which attempted to collect upon the alleged "early termination fee" debt allegedly owed to Defendant COMCAST CORPORATION and which Plaintiff does not actually owe.

## FIRST CLAIM FOR RELIEF

### Violation of the FDCPA, 15 U.S.C. § 1692, et seq. (Defendant AFNI, INC)

17. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-16, as if fully set forth herein.

18. For the purposes of paragraphs 17-27, the term "Defendant" refers to Defendant AFNI, INC.

19. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has falsely represented the character, amount, or legal status of a debt, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(2)(A).

20. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has used false representations or deceptive means to collect on a debt, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(10).

21. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has used unfair and unconscionable means to collect or attempt to collect a debt, including the collection of an amount not expressly authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692f(1).

22. The FDCPA provides for actual damages sustained as a result of violation of the statute, 15 U.S.C. § 1692k(a)(1).

23. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

24. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

25. 15 U.S.C. § 1692k(a)(1) entitles Plaintiff to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq., and Plaintiff is so entitled.

26. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff up to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq., and Plaintiff is so entitled.

27. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant AFNI, INC and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide;

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

**Violation of the FCCPA, Fla. Stat. § 559.55, et seq. (Defendant AFNI, INC)**

28. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-16, as if fully set forth herein.

29. For the purposes of paragraphs 28-39, the term "Defendant" refers to Defendant AFNI, INC.

30. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant while having actual knowledge that Plaintiff does not actually owe said alleged debt, Defendant claimed, attempted, or threatened to enforce a debt when Defendant knew such debt was not legitimate, and therefore has engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(9).

31. The FCCPA provides for actual damages for violation of the statute, Fla. Stat. § 559.77(2).

32. The FCCPA provides for statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

33. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

34. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part, Fla. Stat. § 559.77(2).

35. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

36. Fla. Stat. § 559.77(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

37. Fla. Stat. § 559.77(2) entitles Plaintiff to punitive damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

38. Fla. Stat. § 559.77(2) entitles Plaintiff to equitable relief for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

39. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide;

(b) Statutory damages in the amount of $1,000.00;

(c) Punitive damages in the maximum amount as the court deems proper and may provide;

(d) Equitable relief as the court deems proper and may provide;

(e) Reasonable attorney's fees and costs;

(f) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

### THIRD CLAIM FOR RELIEF

**Violation of the FCCPA, Fla. Stat. § 559.55, et seq. (Defendant COMCAST CORPORATION)**

40. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-16, as if fully set forth herein.

41. For the purposes of paragraphs 40-53 the term "Defendant" refers to Defendant COMCAST CORPORATION.

42. By contracting with AFNI, INC to have them contact Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant communicated information affecting Plaintiff's reputation to a person other than Plaintiff or his family, while having actual knowledge or having reason to know that said information was false, and therefore has engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(5).

43. By contracting with AFNI, INC to have them contact Plaintiff for the purposes of collecting upon an alleged debt without also informing AFNI, INC that the debt was reasonably disputed by Plaintiff, Defendant disclosed information concerning the existence of an alleged debt known to be reasonably disputed by Plaintiff without disclosing that fact, and therefore has engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(6).

44. By contracting with AFNI, INC to have them contact Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, who, in the process of collecting upon that alleged debt for the benefit of Defendant, contacted Plaintiff for debt collection purposes and claimed, attempted, or threatened to enforce a debt when Defendant knew that the debt is not legitimate, Defendant has engaged in illegal practices in violation of the FCCPA, Fla. Stat. § 559.72(9).

45. The FCCPA provides for actual damages for violation of the statute, Fla. Stat. § 559.77(2).

46. The FCCPA provides for statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

47. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

48. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part, Fla. Stat. § 559.77(2).

49. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

50. Fla. Stat. § 559.77(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

51. Fla. Stat. § 559.77(2) entitles Plaintiff to punitive damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

52. Fla. Stat. § 559.77(2) entitles Plaintiff to equitable relief for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

53. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide;

(b) Statutory damages in the amount of $1,000.00;

(c) Punitive damages in the maximum amount as the court deems proper and may provide;

(d) Equitable relief as the court deems proper and may provide;

(e) Reasonable attorney's fees and costs;

(f) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 4th day of December, 2017,

By Plaintiff's attorney: /s/ Nicholas Michael Murado

Nicholas Michael Murado

Florida Bar # 102769

Murado Law, P.A.

2010 S.W. 99th Avenue

Miramar, Florida, 33025

Telephone: 754-816-2196

E-mail: muradolaw@gmail.com